# Richmond

## J. M. HURDLE v. COMMONWEALTH.

January 14, 1932.

Present, Campbell, C. J., and Epes, Hudgins and Browning, JJ.

The opinion states the case.

*Elmer W. Somers* and *H. Chris Somers*, for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

The accused was jointly indicted with John Thorns and William Lewis for feloniously manufacturing distilled ardent spirits. Upon their arraignment the accused plead not guilty and elected to be tried separately from the other defendants. Pursuant to his election he was tried by a jury which found him guilty and fixed his punishment at six months confinement in jail and a fine of $5.00. The court overruled the motion to set aside the verdict and entered judgment thereon. Upon a writ granted by a justice of this court that judgment is before us for review.

The accused assigns as error the refusal of the court to set aside the verdict on motion of accused, for the reason that it was contrary to the evidence and without evidence to support it.

The evidence of the Commonwealth may be thus summarized:

The accused operated a pool room and garage in the town of Parksley. This pool room and garage and shop in connection therewith are on the ground floor of a building owned by him. Above the garage is a three-room apartment and a printing shop. There is a middle room in the upper story of the building which at the time of the alleged offense was controlled by the accused, and, as contended by the Commonwealth, it was in this room that liquor was for a brief period manufactured.

William Lewis testified that he resided in the Parksley community; that he worked for accused as a mechanic in the garage; that on account of "dull times" the accused laid him off as a mechanic and engaged him to operate the still; that accused secured the material for the still cap from Conant Brothers, of Chincoteague; that accused constructed the still and placed it in a room over the garage, and that he (Lewis) operated the same for several weeks; that he, with the assistance of accused and John Thorns, removed the still and apparatus from the building (in a truck, in March, 1930) and subsequently operated the still in some woods near the town of Parksley; that during the operation of the still he and Thorns were arrested; that after his arrest he and the accused went to the location of the still, rescued the burner which had been left by the officers, and that he carried it to the garage where it was subsequently seized by the officers; that he disposed of the manufactured liquor and turned the proceeds over to the accused.

John Thorns testified that accused made the still in the garage; that it was operated in the building owned by accused, and that he assisted in its removal, together with the mash, etc., to the place where he and Lewis operated it until their arrest.

Warner Davis testified that in the early spring of 1930, he saw accused and Lewis leaving the town of Parksley, between 12:15 and 12:45 A. M.; that Lewis was driving a

truck with barrels on it and that accused was driving a Chevrolet coupe.

Leroy Conant testified that he was a member of the firm of Conant Brothers, of Chincoteague, Virginia, dealers in marine and builders' supplies; that some months prior to the date of the trial, and after business hours, he sold to accused the deck plates exhibited to him (a part of the still).

Seven witnesses, including the mayor of the town of Parksley, testified that William Lewis bore a good reputation for truth and veracity.

Testifying in his own behalf, the accused denied *in toto* the statements of Lewis and Thorns. He also introduced a number of witnesses who testified that he was a person of good repute for truth and veracity, as well as a law-abiding citizen, especially in regard to the prohibition law.

Several witnesses, testifying for the defendant, stated that they were frequent visitors at the garage and pool room and apartment; that they had never observed any violation of the prohibition law upon the part of the defendant; that, in their opinion, liquor could not have been manufactured in the garage building without detection; that Lewis had stated that he alone owned and operated the still and that defendant had no connection with its ownership or operation.

■ The rule that it is the province of the jury to pass upon the conflict of evidence has been repeatedly stated in the decisions of this court and needs no repetition. But it is contended in the brief: "One cannot read the evidence in the case without being struck by the glaring inaccuracies in the testimony of the chief witnesses for the Commonwealth, not only because the evidence clearly showed that William Lewis had from time to time told people that he was the sole owner of the still and equipment and had no partner therein, and also because John N. Thorns stated to numerous witnesses and to officers that he knew nothing whatever about the still and equipment until he was invited by said Lewis to go to the still to get a drink, * * *."

■ The answer to that contention is found in the decision of this court in *Brown* v. *Commonwealth*, 2 Leigh (29 Va.) 769. There it is said:

"The next question presented to us, is whether a new trial ought to have been granted to the prisoner, on account of the incompetency, or want of credibility, of the principal witness, whose evidence, mainly, produced the conviction? In *Byrd's Case*, 2 Va. Cas. (4 Va.) 490, this court gave a very decided opinion on the competency of an accomplice as a witness, at any time before his conviction. The question of his credibility may surely be left to the determination of the jury, under the superintendence of the judge who tries the cause. The credit of this witness has been affirmed by the jury, and sanctioned by the judge, who heard and saw him. This court, sitting as an appellate court, and knowing nothing of the evidence or of the witness, except as it appears on the paper, feels itself very incompetent to decide on the credibility of the testimony. Unless it was irresistibly clear that the conviction was wrong, this court would not disturb it. We are unanimously of opinion, that no new trial should be granted in this case on that ground, and we give this opinion without deciding on the propriety of the judge below stating the proofs which had been given on the trial, as has been done here."

■ The fact that a witness has formerly been convicted of a felony no longer affects his competency as a witness. See section 4779 of the Code.

The jury having determined the issue of fact against the accused, upon a conflict of evidence, this court is powerless to disturb the verdict.

It is next assigned as error that the court erred in refusing to grant a continuance of the case because of the absence of one, John Dix, alleged material witness for the accused.

When the case was called, Dix was not present, though

duly summoned as a witness. Counsel then moved to continue the case, stating to the court that defendant had informed him that he had interviewed Dix and that Dix would testify that "he saw the still tank in question at or near a certain branch near Charles Hurst's store and near the John N. Thorn's woodland; that William Lewis was operating the same and told him that he had stolen the still from one Dave Sterling *. *. *."

It further appears that during the pendency of this motion it developed that the accused promised to notify Dix when the case would be called for trial, but at the same time advised him to be present when the case was called. Dix was not notified by the accused. While counsel were arguing the motion to set aside the verdict, Dix appeared in court. The court thereupon called Dix to the stand and propounded to him this question: "Did you state to John M. Hurdle, prior to the trial of this cause, that you saw the still tank in question at or near a certain branch near the Charles L. Hurst store near the John N. Thorn's woodland; that William Lewis was operating the same and told you that he had stolen the still from one Dave Sterling, who had secured it from Baltimore and that he, William Lewis, stole a barrel of whiskey from the said Dave Sterling about the same time?" In answer thereto, Dix said: "No, I did not." Thereupon, the accused offered to prove by two witnesses that Dix did make the statement to the accused, but the court refused to hear further evidence.

██ The question of a continuance is addressed to the sound discretion of the trial court, and unless the discretion is abused, this court will not reverse a case on that account. In our opinion the evidence was, at most, but cumulative, impeaching evidence and could not have changed the result of the trial.

There are other assignments of error, but, in our view, they are untenable and do not call for a detailed discussion.

*Affirmed.*